IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV271-01-MU

| | |
|---|---|
| ROBERT STEVEN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| of CORRECTIONS, et al., ) | **O R D E R** |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed September 11, 2006.

In his Complaint Plaintiff asserts a claim of deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he was denied proper medical care and as a result he had surgery and has developed Chrones disease. In addition, Plaintiff alleges that while he was visiting with his mother he needed to use the restroom (due to his disease) and Defendant Hailman, a sergeant, refused to allow him to use the restroom and continue his visit.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

As an initial matter, the North Carolina Department of Corrections or one of its facilities is not a proper party under § 1983. See Will v. Michigan Dep't State Police, 491 U.S. 58, 71

(1989)(neither a state nor its officials acting in their official capacities are "persons" under § 1983). In addition, Plaintiff fails to state a claim against the only remaining defendant. That is, Plaintiff's allegations against Defendant Hailman do not to rise to the level of a constitutional violation. Plaintiff has merely stated that, in accordance with prison policy, he was not permitted to use the restroom during a visitation and then resume the visitation.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint is **DISMISSED.**

Signed: September 12, 2006

Graham C. Mullen
United States District Judge